

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

---

### NO. PD-1238-15

---

### THE STATE OF TEXAS

### v.

### JIMMY EARL DRUMMOND, Appellee

---

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIRST COURT OF APPEALS
### HARRIS COUNTY

---

**HERVEY, J., delivered the opinion of the unanimous Court.**

### O P I N I O N

The issue here is whether the State successfully tolled the statute of limitations in its prosecution of Jimmy Earl Drummond for official oppression. Believing that it did not, the trial court granted Drummond's motion to quash. The court of appeals agreed, holding that, because the State was required to present an information or indictment to prosecute the Class A misdemeanor offense of official oppression, the statute of limitations was not tolled when it presented only a complaint. Because we conclude that the document

constituted a complaint and information, and the filing was sufficient to toll the statute of limitations, we will reverse the judgment of the court of appeals, set aside the trial court's order granting the motion to quash, and remand this cause for further proceedings.

## BACKGROUND

On September 2, 2013, the Civil Rights Division of the Harris County District Attorney's Office received a complaint alleging that Drummond, a sergeant in the Harris County Constable's Office, engaged in official oppression when he used excessive force while arresting five individuals. Detective Patrick Smith was assigned to handle the complaint, and during his investigation, he obtained a video recording of the incident from one of the deputy's dash-mounted cameras. According to the State's filing, the video showed that, while the complainant was held face down on the ground by two deputies, Drummond kicked him in the chest five times and wiped the underside of one of his shoes on one of the complainant's shoulders. The charging instrument goes on to state that, while the complainant was still "squirming" on the ground on his stomach and handcuffed, Drummond "dropp[ed] his knee forcefully on the back of the complainant's head or neck," before bending over, grabbing his head, and pulling it back forcefully. Drummond also "rear[ed] his right arm back and . . . extend[ed] it upwards to the complainant's face." Medical records given to the investigator show that the complainant suffered a "nondisplaced, simple fracture of the right seventh rib," and photographs taken shortly after the complainant's release from jail showed scratches and contusions on his

face, head, neck, arms, and chest.

Seven days after the complaint was received, and one day before the expiration of the statute of limitations,[1] a probable-cause affidavit was presented to a magistrate who agreed with the State and authorized the issuance of a capias. That same day, an assistant district attorney charged Drummond with official oppression.

The document commences, "In the name and by authority of the State of Texas" and concludes, "Against the peace and dignity of the State." It was presented by Assistant District Attorney Ramirez and makes three separate, detailed allegations that Jimmy Earl Drummond committed the offense of official oppression in Harris County. It also notes that the offense took place before presentment and that the prosecution is not barred by limitations. Below the three allegations, the probable-cause affidavit was incorporated, including the signature of the affiant, the assistant district attorney, and a magistrate. At the bottom of the document, the word "COMPLAINT" appears.

About three months after the State filed the document in question, a grand jury returned an indictment based on the same allegations, but the indictment did not include tolling language. Drummond filed a motion to quash based on the lack of that language, but before the judge ruled on the motion, a grand jury returned a second indictment that included tolling language. Drummond argued that both indictments should have been quashed, and the trial court agreed.

---

[1] The record does not reveal why the complaint was received only seven days before the expiration of the two-year statute of limitations.

The State appealed the decision only as to the second indictment, arguing that the statute of limitations was tolled. The court of appeals disagreed. It reasoned that the instrument filed by the State could not toll the statute of limitations because the State filed only a complaint, even though it was required to charge Drummond by information or indictment. *State v. Drummond*, 472 S.W.3d 857, 861 (Tex. App.—Houston [1st Dist.] 2015).

The State filed a petition for discretionary review, which we granted, asking whether,

> [t]he court of appeals erred in holding that the running of the statute of limitations was not tolled by the filing of the initial complaint against [Drummond] when the clear language of the controlling statute states that the filing of a complaint tolls the running of the statute of limitations.

Because we hold that the statute of limitations was tolled in this case, albeit not for the reasons argued by the State, we will reverse the judgment of the court of appeals, set aside the order of the trial court granting the motion to quash, and remand this cause to the trial court for further proceedings.

## STANDARD OF REVIEW

The sufficiency of a charging instrument is a question of law, and we review the ruling of a trial court quashing an indictment de novo. *Smith v. State*, 309 S.W.3d 10, 13–14 (Tex. Crim. App. 2010).

## INFORMATIONS & COMPLAINTS

### *1. Applicable Law*

To initiate the prosecution of a Class A misdemeanor, as was charged in this case, the State must present an information or an indictment within two years of the commission of the offense. TEX. CODE CRIM. PRO. art. 12.02(a). An information cannot be presented, however, unless it is filed with a complaint. *Id.* art. 21.22.

In the Code of Criminal Procedure, the term "complaint" is used in three different contexts: (1) as a prerequisite to an information;[2] (2) to obtain an arrest warrant, issue a summons, or authorize further detention of a suspect after a warrantless arrest;[3] and (3) as the sole charging instrument in municipal and justice courts.[4] *Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995). This case concerns the first category—complaints used to support informations.

A complaint to support an information is a sworn affidavit, duly attested to by the district or county attorney, that is made "by some credible person charging the defendant with an offense." TEX. CODE CRIM. PROC. arts. 2.04 & 21.22. "Credible person" has been defined as a person who is competent to testify.[5] *Halbadier v. State*, 220 S.W. 85, 87

---

[2]TEX. CODE CRIM. PRO. art. 21.22.

[3]TEX. CODE CRIM. PRO. art. 15.03–15.05 (magistrate may issue warrant or summons); *Green v. State*, 872 S.W.2d 717, 721 (Tex. Crim. App. 1994) (defendant arrested without a warrant is entitled to a prompt probable-cause determination).

[4]TEX. CODE CRIM. PRO. arts. 45.018(a) (defining a complaint as a sworn allegation charging the accused with commission of an offense) & 45.019 (setting forth the formal requirements of a complaint to charge a defendant in justice and municipal courts).

[5]The *Halbadier* Court was asked to construe Article 479 of the 1911 Texas Code of Criminal Procedure. *Halbadier*, 220 S.W. at 85. That provision is virtually identical to the current Article 21.22 and states,

(Tex. Crim. App. 1920). The credible-person requirement distinguishes a supporting

complaint from a complaint to obtain an arrest warrant:

> It may be appropriate, for example, to refuse to permit *incompetent* statements in an affidavit to supply the basis for an information, in that, no further document being needed to bring the accused to trial, no showing that competent evidence would be available at trial would open the door to prosecutorial abuse. A lack of evidence competent at trial should not and does not preclude the issuance of an arrest warrant, however. A warrant is procurable upon hearsay information where circumstances showing the credibility of the informant and the reliability of the information are shown. An arrest, while part of the accusatory process, may also be part of the investigatory process—as shown by the instant case. And, as here, mere arrest is insufficient to bring the accused to trial.

*Jernigan v. State*, 661 S.W.2d 936, 938 nn.1 & 4 (Tex. Crim. App. 1983) (emphasis in

original).

An information is "a written statement filed and presented in behalf of the State by

the district or county attorney, charging the defendant with an offense which may by law

be so prosecuted." TEX. CODE CRIM. PRO. art. 21.20. It can be used to charge a defendant

with any misdemeanor offense and non-capital felonies if a defendant waives his right to

be indicted. *Id.* arts. 1.141 & 12.02; *Washington v. State*, 531 S.W.2d 632, 632 (Tex.

Crim. App. 1976). An information is sufficient if it meets the following requisites:

---

> An information shall not be presented by the district or county attorney until oath has been made by some credible person, charging the defendant with an offense. The oath shall be reduced to writing and filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

TEX. CODE CRIM. PROC. art. 479 (1911).

(1) It shall commence, "In the name and by the authority of the State of Texas";

(2) That it appear to have been presented in a court having jurisdiction of the offense set forth;

(3) That it appear to have been presented by the proper officer;

(4) That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

(5) It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

(6) That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

(7) That the offense be set forth in plain and intelligible words;

(8) That it conclude, "Against the peace and dignity of the State"; and

(9) It must be signed by the district or county attorney, officially.

TEX. CODE CRIM. PRO. art. 21.21.

## 2. *Analysis*

When asked at oral argument whether a single document could meet the statutory requirements of both an information and a supporting complaint, Drummond agreed that such was possible. He further conceded that the document here contained all of the necessary ingredients of both an information and complaint. His sole argument was that a complaint and information must be two separate documents.

We agree with Drummond that the Code of Criminal Procedure contemplates that

the complaint and information should be two separate documents and that it is far more preferable to use two separate documents (which would have avoided the unnecessary problems in this case). But the Code does not prohibit the filing of a single document that meets the requirements of both an information and a complaint to support an information. In fact, an examination of the statutory provisions at issue supports the proposition that the State can file a single document that meets the requirements of both. The information statute speaks only to the *minimum* requirements a document must meet to constitute an information, and the supporting-complaint statute simply requires an "affidavit . . . made by some credible person charging the defendant with an offense." *Id.* arts. 21.21 ("An information is sufficient if it has the following requisites . . ."), 21.22 (defining a complaint to support an information). Neither provision incorporates language prohibiting the inclusion of additional information.

Further, although we have explained that a supporting complaint must be filed with an information to ensure that the person accusing the defendant of a crime is not also the prosecutor, that concern is not implicated here because the affiant and assistant district attorney are two different people. We hold that a single document can serve as an information and the complaint supporting that information so long as the statutory requirements for both are met, and the accuser is not the same person as the prosecutor who brought the charges.[6] *Jernigan*, 661 S.W.2d at 938 n.4; *Wells v. State*, 516 S.W.2d

---

[6]Our conclusion does not run afoul of the requirement in Article 21.22 that the complaint must be filed "with the information." TEX. CODE CRIM. PRO. art. 21.22; *see Talley v. State*, 399

663, 664 (Tex. Crim. App. 1974).

Because those requirements were met in this case, we hold that document filed by the State here is both an information and a complaint.[7]

## LIMITATIONS & TOLLING

*1. Applicable Law*

District courts and criminal district courts retain original jurisdiction "of all misdemeanors involving 'official misconduct.'" *See* TEX. CODE CRIM. PRO. art. 4.05; *Emerson v. State*, 727 S.W.2d 267, 268–69 (Tex. Crim. App. 1987). To initiate the prosecution of a Class A misdemeanor, as charged here, the State must file an information, or an indictment must be returned, within two years of the commission of the offense. TEX. CODE CRIM. PRO. art. 12.02(a).

Article 12.05 of the Texas Code of Criminal Procedure sets out the requirements to toll the statute of limitations of an offense:

> (a) The time during which the accused is absent from the state shall not be computed in the period of limitation.

---

S.W.2d 559, 560 (Tex. Crim. App. 1966) (holding that a complaint need not be filed before the information, so long as the complaint was filed *with* the information). When a single document is used as both a complaint and an information, the complaint is filed with the information.

[7]Although the court of appeals said in its opinion on multiple occasions that it was undisputed that the document filed by the State was only a complaint, when construing a court filing we consider the substance of the filing, not merely the caption or heading. *Skinner v. State*, 484 S.W.3d 434, 437 (Tex. Crim. App. 2016). And although both parties may be under the mistaken impression that the document in this case constituted only a complaint, the belief of the parties (and the court of appeals) cannot change the outcome of the legal issue: whether a document meets the requirements to qualify as a complaint, an information, or both.

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such an accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

*Id.* art. 12.05. Under Article 12.05(b), a previously filed charging instrument will toll the statute of limitations for a subsequently filed charging instrument so long as both allege the same act, conduct, or transaction. *See Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004).

### 2. Analysis

The information here charged Drummond with committing the Class A misdemeanor offense of official oppression in Harris County. TEX. PENAL CODE § 39.03(a) & (d). Official oppression is a type of official misconduct offense for which district courts retain jurisdiction even when the offense alleged is a misdemeanor. *See* TEX. CODE CRIM. PRO. art. 4.05; *Emerson*, 727 S.W.2d at 268–69. Upon presentment of the information in this case to the 208th Judicial District Court of Harris County, that court was vested with jurisdiction over the offense and Drummond, making it a court of competent jurisdiction for purposes of Article 12.05(c).[8] TEX. CONST. art. V, § 12; TEX.

---

[8]Drummond does not complain about the allegations or tolling language in the second indictment. However, we note that the allegations in the second indictment are the same as in the first indictment and the information–complaint filed by the State. Moreover, the tolling language properly refers to the earlier charging instrument.

CODE CRIM. PRO. art. 12.05(c). Based on this reasoning, we hold that the filing of the information–complaint in this case tolled the statute of limitations.[9]

## CONCLUSION

Because we conclude that the document filed by the State in this case constituted a complaint and an information, and the statute of limitations for the charged offense was tolled, we sustain the State's ground for review, reverse the judgment of the court of appeals, set aside the trial court's order granting the motion to quash, and remand this cause for further proceedings.

Delivered: September 28, 2016

Publish

---

[9]The State argues that the filing of a complaint, although insufficient to charge the Class A misdemeanor alleged in this case, is sufficient to toll the statute of limitations under Article 12.05(b). Article 12.05(b) states that, the time during the pendency of an indictment, information, or *complaint*, shall not be computed in the period of limitation. TEX. CODE CRIM. PROC. art. 12.05(b). However, we need not reach that argument in light of our disposition of this appeal.