**AFFIRM; and Opinion Filed June 27, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-18-00498-CR
_____

**BRADRICK JERMAINE COLLINS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. MA1718552-F**

## MEMORANDUM OPINION
Before Justices Schenck, Osborne, and Reichek
Opinion by Justice Osborne

Appellant Bradrick Jermaine Collins was convicted of driving while intoxicated and sentenced to 171 days' confinement in the Dallas County jail. Imposition of that sentence was suspended and he was placed on community supervision for a period of fifteen months.

Appellant, who is pro se on this appeal, raises five issues. As we understand these issues, appellant claims that the trial court lacked personal and subject matter jurisdiction, there are defects in the "arrest warrant complaint," the trial court erred by ruling on his motion to set aside the arrest warrant in his absence, the evidence is legally insufficient to support his conviction, and the trial

court abused its discretion by denying his motion to suppress.[1] After careful consideration of appellant's issues, we affirm.

## No Reporter's Record

Appellant filed his notice of appeal, pro se, on April 27, 2018. On May 9, 2018, appellant filed a "Request for Court Reporter and Clerk's Record." In that request, appellant stated that he "accepts responsibility to pay for the preparation of the Clerk Record and Court Reporter's Record and is willing to pay the fees for preparing the records."

The clerk's record was filed on May 29, 2018.

On June 28, 2018, the clerk of this Court notified appellant that the reporter's record had not been filed and directed him to provide verification that he had paid or arranged to pay the reporter's fee or documentation showing he was indigent and entitled to proceed without costs. On

---

[1] In appellant's brief to this Court he phrases these issues as follows:

"1. Whether a complaint in support of an Information that does not meet the statutory requirements of Tex. Code. Of Crim. Proc. Art. 2.04 is sufficient to vest the trial court with jurisdiction to render any judgment?

2. Similarly, "the question we must answer is whether this record so thoroughly satisfies the State's burden of establishing that the officer had probable cause to arrest Defendant for DWI that the trial court's ruling to the contrary was an abuse of discretion". Perez v. State, 464 S.W.3d 34, 41 (2015)?

3. Whether the ex parte consideration of Appellant's Motion to Set Aside the Charging Instruments violated Texas Rule of Criminal Procedure Art. 28.01 amounting to "reversable (sic) error" as stated within Riggal v. State, 590 S.W.2d 460, 462?

4. Whether the Trial Court abused its discretion by denying Defendant Motion to Suppress Medical Records and other documents showing the State: (1) failed to establish the beginning of the chain of custody, (2) the alleged blood could not possible had been that of the defendant?

5. Whether a blood test drawn more than two hours of driving is legally sufficient to convict defendant of driving while intoxicated with a blood alcohol content of 0.171?"

July 2, 2018, appellant filed a statement of inability to pay. We abated this appeal for the trial court to make findings as to appellant's ability to pay. The trial court determined that appellant was not indigent; he therefore is not entitled to a free reporter's record.

On September 13, 2018, this Court again ordered appellant to provide verification that he had paid or arranged to pay the reporter's fee. On October 3, 2018, this Court ordered appellant to provide this verification and cautioned that if he did not the case would be submitted to this Court without the reporter's record.

Appellant was provided several opportunities to secure the reporter's record and he failed to do so. Appellant is at fault for failing to make arrangements to pay for the court reporter to prepare a reporter's record. Accordingly, we consider this appeal without a reporter's record.[2] TEX. R. APP. P. 37.3(c).

When a reporter's record is necessary for appellate review and the appellant fails to file the reporter's record, a presumption arises that the reporter's record would support the trial court's judgment. *Rittenhouse v. Sabine Valley Ctr. Found.,* 161 S.W.3d 157, 165 (Tex. App.—Texarkana 2005, no pet.). Moreover, if an appellant does not initiate the completion of a record and his issues

---

[2] The Rules of Appellate Procedure provide for the following if no reporter's record is filed due to appellant's fault:

> Under the following circumstances, and if the clerk's record has been filed, the appellate court may – after first giving the appellant notice and a reasonable opportunity to cure – consider and decide those issues or points that do not require a reporter's record for a decision. The court may do this if no reporter's record has been filed because:
>
> (1) the appellant failed to request a reporter's record; or
>
> (2)(A) appellant failed to pay or make arrangements to pay the reporter's fee to prepare the reporter's record; and
>
> (B) the appellant is not entitled to proceed without payment of costs.

TEX. R. APP. P. 37.3(c).

involve matters omitted from the record due to his failure to request or pay for the record, his actions prevent an appellate court from adequately reviewing his issues and effectively waive his issues. *Kent v. State*, 982 S.W.2d 639, 641 (Tex. App.—Amarillo 1998, pet. ref'd, untimely filed) (holding that if an appellant's point of error involves matters omitted from the record due to her failure to request or pay for that record, then her actions will prevent an appellate court from adequately addressing the dispute and, in so inhibiting the court, she effectively waives the complaint.; *Matter of Marriage of Moore*, 890 S.W.2d 821, 827 (Tex. App.—Amarillo 1994, no writ) (holding that without a record demonstrating a trial court's ruling on an issue, there is nothing for the appellate court to review).

## Issue 1: Lack of Jurisdiction

Appellant's first issue, while phrased as a jurisdictional complaint, concerns the validity of the information charging appellant with driving while intoxicated.

Appellant presents several arguments to support his claim that the information failed to invest the trial court with jurisdiction: 1) the information is invalid because it does not meet the requirements of TEX. CODE CRIM. PROC. ANN. art 21.21; 2) the information is invalid because it does not meet the requirements of TEX. CODE CRIM. PROC. ANN. art 21.22; 3) the complaint was not signed; 4) appellant was denied his constitutional right to confront "his accuser" because the witness who made the complaint was absent from the trial; 5) the affidavit was not sworn to before a magistrate with a "valid jurat;" and 6) the affidavit for the arrest warrant does not have a date. We conclude that these arguments are without merit.

### *Multifarious Issue*

Because appellant bases his single point of error on more than one legal theory, his entire point of error is multifarious. *See Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010).

–4–

We could reject appellant's claims on that basis alone. However, in the interest of justice, we will address appellant's arguments to the extent possible under the available record.

***Procedural History***

Appellant filed a "Motion to Set Aside Arrest Warrant and Complaint" which the trial court denied by written order. Thereafter, appellant filed a "Motion Requesting Reconsideration of the Defense Motion to Set Aside Complaint and Information." The record before this Court does not contain an order or other ruling on that motion.

***Standard of Review***

We review the trial court's decision on a motion to quash under an abuse of discretion standard. *See Thomas v. State*, 621 S.W.2d 158, 163 (Tex. Crim. App. 1980) (op. on reh'g); *Williamson v. State*, 46 S.W.3d 463, 465 (Tex. App.—Dallas 2001, no pet.); *Smith v. State*, 895 S.W.2d 449, 453 (Tex. App.—Dallas 1995, pet. ref'd).

***Jurisdiction***

The presentment of an information to the trial court invests that court with jurisdiction over the defendant, regardless of any defect that might exist in the underlying complaint. TEX. CONST. art. V, § 12(b); *Aguilar v. State*, 846 S.W.2d 318, 320 (Tex. Crim. App. 1993); *see also Isenberg v. State*, 853 S.W.2d 834, 835 (Tex. App.—San Antonio 1993, pet. ref'd). The mere presentment of the information, which appears in the clerk's record, therefore vested the trial court with jurisdiction. *Aguilar,* 846 S.W.2d at 320.

***Requirements of Article 21.21***

Appellant claims that the information does not meet the requirements of TEX. CODE CRIM. PROC. ANN. art. 21.21, which provides that an information is sufficient if it contains the following:

1. It shall commence, "In the name and by authority of the State of Texas;"

2. That it appear to have been presented in a court having jurisdiction of the offense set forth;

3. That it appear to have been presented by the proper officer;

4. That it contain the name of the accused, or state that his name is unknown and give a reasonably accurate description of him;

5. It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed;

6. That the time mentioned be some date anterior to the filing of the information, and that the offense does not appear to be barred by limitation;

7. That the offense be set forth in plain and intelligible words;

8. That it conclude, "Against the peace and dignity of the State;" and

9. It must be signed by the district or county attorney, officially.

Appellant alleges the information fails to allege the manner, location, date, and means of the offense sufficiently to confer jurisdiction on the court and it is not signed by the District Attorney in her "official capacity."

A person commits the offense of driving while intoxicated if he 1) is intoxicated while 2) operating a motor vehicle 3) in a public place. TEX. PENAL CODE ANN. § 49.04(a). The information alleged that offense as follows:

> IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:
>
> Comes now the Criminal District Attorney of Dallas County, on behalf of the State of Texas, and presents in and to the County Criminal Court No. 5 of Dallas County, State aforesaid, that BRADRICK JERMAINE COLLINS, hereinafter called Defendant, on or about the 27th day of March, 2017 in the County of Dallas, State of Texas, did then and there unlawfully operate a motor vehicle in a public place, while intoxicated,
>
> And it is further presented that an analysis of the defendant's blood, breath, and urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed,
>
> Against the peace and dignity of the State.

The information bears the signature of Faith Johnson, Criminal District Attorney of Dallas County, Texas.[3]

The information contains all requisites of Article 21.21 and tracks the language of the Penal Code.

***The Complaint and Requirements of Article 21.22***

An affidavit made before a magistrate is called a "complaint" if it charges the commission of an offense. TEX. CODE CRIM. PROC. ANN. art. 15.04. An affiant must present a complaint that allows the magistrate to independently determine probable cause and the magistrate's actions cannot be a mere ratification of the bare conclusions of others. *See id.* The complaint is sufficient, without regard to form, if it has the following substantial elements: (1) it must state the name of the accused, if known, and if not known, must give some reasonably definite description of him; (2) it must show the accused has committed some offense, either directly or the affiant has good reason to believe and does believe the accused has committed such offense; (3) it must state the time and place of the offense as definitely as can be done by the affiant; and (4) it must be signed by the affiant by writing his name or affixing his mark. TEX. CODE CRIM. PROC. ANN. art. 15.05.

The complaint on which the information is based in this case alleged as follows:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant Criminal District Attorney of Dallas County, Texas, this day personally appeared the undersigned affiant, who upon his oath states that he has good reason to believe and does believe that in the County of Dallas and State of Texas, BRADRICK JERMAINE COLLINS, hereinafter called Defendant, on or about the 27th day of March, 2017, did then and there unlawfully operate a motor vehicle in a public place, while intoxicated,

---

[3] Faith Johnson is now the former Criminal District Attorney of Dallas County, Texas. The current Criminal District Attorney is the Honorable John Creuzot.

And it is further presented that an analysis of the defendant's blood, breath, and urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed,

Against the peace and dignity of the State.

This complaint was signed by an affiant and sworn to and subscribed before an assistant district attorney.

Appellant claims that the information does not meet the requirements of TEX. CODE CRIM. PROC. ANN. art. 21.22, which provides as follows:

No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, or it may be made before any officer authorized by law to administer oaths.

Appellant claims the affidavit was not made by a credible person and that, without a date on the information, there is no proof that the complaint was sworn to prior to the filing of the information.

There is nothing in the record before this Court to show that the complaint was not made by a credible person.

The record before this Court reflects that the complaint was made on June 20, 2017; a clerk's file stamp on the face of the complaint so reflects. There is no date on the face of the information.

The State, in its brief to this Court, avers that "[c]areful inspection of the clerk's record clearly shows a contemporaneous two-page filing of the 'Affidavit-Information' on June 21, 2107 (sic)." The State relies on the index page of the clerk's record which references both documents as one. The information follows the complaint on the next page in the clerk's record. Because the complaint is dated, and because the clerk has referenced two pages as "Affidavit-Information," it is a logical inference that the compliant and the information were filed at the same time. A contemporaneous filing is sufficient for purposes of Article 21.22. *See Talley v. State*, 399 S.W.2d

–8–

559, 560 (Tex. Crim. App. 1966) (holding that a complaint need not be filed before the information, so long as the complaint was filed with the information); *see also State v. Drummond*, 501 S.W.3d 78, 83 (Tex. Crim. App. 2016) (holding that a single document can serve as an information and the complaint supporting that information). Further, there is nothing in the record to show that the information, which tracked the language of the complaint exactly, was filed on an impossible date.

### Signature or Mark

Appellant claims that the complaint lacks a signature or mark though he acknowledges the "affiant space seems to state, 'Gackson' or 'Jackson'." A signature or mark clearly appears on the complaint in the space set aside for the "affiant." While the signature may be difficult to read, there is no requirement of legibility. *Smith v. State*, 811 S.W.2d 665, 668 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd) (stating "[t]here is no requirement in the statute that the signatures be legible").

### Complainant Absent from Trial?

Appellant claims that the witness who made the complaint was absent from the trial. There is nothing in the clerk's record to either support or refute appellant's claim as that record contains no evidence of who testified at trial; this claim is therefore waived. Further, there is no requirement that the State present the testimony at trial of the person who signed the complaint.

### Lack of Signature of Arresting Officer and Jurat

Appellant claims that the complaint was not signed by the arresting officer and was not made before a magistrate with a "valid jurat" in accordance with TEX. CODE CRIM. PROC. ANN. art. 15.04. There is no requirement that the arresting officer sign the complaint. The complaint bears a jurat administered by an assistant district attorney who is clearly identified on the face of

the document. There is no evidence in this record to indicate that the signatures are incorrect, false, or otherwise defective.

### *Date on Affidavit of Arrest Warrant*

Appellant claims that the affidavit of the arrest warrant also does not have a date. However, the affidavit for the arrest warrant filed with the court, a three-page document, reflects a date of April 13, 2017.

Having found no error in the information or supporting complaint, we overrule appellant's first issue.

### **Issue 2: The "Arrest Warrant Complaint"**

In his second issue, appellant claims that 1) there are defects in the affidavit for the arrest warrant, 2) the complaint fails to allege an offense, and 3) there was no probable cause to arrest him for driving while intoxicated. He also claims that the record is missing a crucial exhibit which contained a case summary as well as an "arrest narrative."

### *Multifarious Issue*

Because appellant bases his single point of error on more than one legal theory, his entire point of error is multifarious. *See Davis,* 329 S.W.3d at 803. We could reject appellant's claims on that basis alone. However, in the interest of justice, we will address appellant's arguments to the extent possible under the available record.

### *Procedural History*

Prior to trial, appellant filed a motion to suppress evidence on grounds that the affidavit for the arrest warrant was defective in multiple respects. Neither appellant nor the State direct our attention to anyplace in the record before this Court showing that this motion was presented to the trial court and that the trial court issued an adverse ruling on that motion. It is not an appellate court's responsibility to wade through voluminous records in search of material to support claims

–10–

made to this court on appeal.[4] *Roberts v. State*, 220 S.W.3d 521, 527 (Tex. Crim. App. 2007) (stating that a party "has an obligation to make appropriate citations to the record in support of his argument").

Additionally, we have no record of any hearing held on this motion. Hence, we must presume that the reporter's record would support an adverse ruling by the trial court on the motion to suppress. *Rittenhouse*, 161 S.W.3d at 165.

*Affidavit for Arrest Warrant*

Appellant claims that the affidavit for the arrest warrant was not based on the personal knowledge of the affiant. The affidavit was attested to by E. Embry, a peace officer in Dallas County, Texas. In the affidavit, Embry states "I have good reason and do believe" that appellant committed the offense of driving while intoxicated. Embry averred that his belief was based on information that he received from G. Aven, a Dallas County Sheriff who participated in the investigation. This information was set out in detail in the affidavit. The affidavit was subscribed and sworn to before a Dallas County Magistrate.

The Code of Criminal Procedure states that a complaint is sufficient if it alleges that "the affiant has good reason to believe, and does believe," that the accused has committed an offense against the laws of the state. TEX. CODE CRIM. PROC. ANN. art. 15.05(2). The complaint here alleges this. There is no requirement that an affiant have firsthand knowledge upon which to base his statements in an affidavit. Rather, the affiant may base the accusations in the complaint on information obtained from a police report. *Smith*, 811 S.W.2d at 668; *Rose v. State*, 799 S.W.2d 381, 384 (Tex. App.—Dallas 1990, no pet.). A peace officer affiant may also rely on information

---

[4] The clerk's record in this case consists of seven volumes and over 700 pages in length.

provided by other officers engaged in the investigation. *Woodward v. State*, 668 S.W.2d 337, 344 (Tex. Crim. App. 1982) (holding that when there has been some cooperation between law enforcement agencies or between members of the same agency, "the sum of the information known to the cooperating agencies or officers at the time of an arrest is to be considered in determining whether there was sufficient probable cause therefor").

***Sufficiency of Complaint***

Appellant claims the complaint fails to state an offense against the State of Texas, fails to comply with Article 15.05, has no words of affirmation, and fails to connect the blood alcohol level to the offense.

To reiterate, the complaint alleged as follows:

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS:

Before me, the undersigned Assistant Criminal District Attorney of Dallas County, Texas, this day personally appeared the undersigned affiant, who upon his oath states that he has good reason to believe and does believe that in the County of Dallas and State of Texas, BRADRICK JERMAINE COLLINS, hereinafter called Defendant, on or about the 27th day of March, 2017, did then and there unlawfully operate a motor vehicle in a public place, while intoxicated,

And it is further presented that an analysis of the defendant's blood, breath, and urine showed an alcohol concentration level of 0.15 or more at the time the analysis was performed,

Against the peace and dignity of the State.

This complaint was signed by an affiant and sworn to and subscribed before an assistant district attorney.

The complaint in this case identifies an offense against the State of Texas, *i.e.*, driving while intoxicated. The complaint names appellant. The complaint was made upon the oath of the affiant, states that the affiant has good reason to believe and does believe that appellant committed an offense, identifies the time and place of the alleged offense, and contains the signature of the

affiant. No greater specificity is required. The complaint meets all legal requirements and is sufficient on its face. TEX. CODE CRIM. PROC. ANN. art. 15.05.

### *Lack of Probable Cause*

Appellant claims there was no probable cause to arrest him.  Appellant raised this issue in his second motion to suppress. Because this Court has neither a ruling on the motion to suppress or a reporter's record of a hearing on the motion to suppress, there is nothing to review.

Additionally, our review of the affidavit for an arrest warrant demonstrates that facts are set out which establish probable cause to arrest appellant for driving while intoxicated. The affidavit sets forth that appellant was stopped by Aven for an observed traffic offense; when the window to the vehicle was rolled down Aven immediately smelled a strong odor of an alcoholic beverage on or about appellant's person coming from inside the vehicle and saw a liquid that spilled in the passenger seat.  Appellant refused to perform a standardized field sobriety test and denied that he was drunk. Following appellant's arrest, a warrant was obtained for a sample of his blood which subsequently revealed a blood alcohol level of 0.171. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (providing that "intoxicated" means having an alcohol concentration of 0.08 or more). Probable cause existed to issue the warrant.

### *Missing Exhibits*

Appellant claims that there is a missing exhibit from his "Brief in Support of his Motion to Arrest Judgment" – Exhibit D – which is material to his appeal. Appellant also claims that missing from Exhibit D is the "arrest narrative of G. Aven," which Embry used in his affidavit.

As appellant acknowledges in his brief to this Court, both documents can be located elsewhere in the Clerk's record and their contents verified. Thus these documents, even if absent from appellant's motion, are not "missing" per se.

Appellant cites this Court to no authority to explain his claim that these documents are material in the form that they were presented in his motion. As such, this claim is inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Cardenas v. State*, 30 S.W.3d 384, 393 (Tex. Crim. App. 2002); *Ochoa v. State*, 355 S.W.3d 48, 56 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd) (holding that an appellant waives an issue on appeal if he fails to adequately brief that issue by presenting supporting arguments and authorities).

We overrule appellant's second issue.

### Issue 3: Absence from Motion to Set Aside the Arrest Warrant Hearing

Appellant claims that the trial court violated his constitutional rights when it denied his motion to set aside the arrest warrant without a hearing and without him being present.

Appellant filed a "Motion to Set Aside the Arrest Warrant and Complaint." The motion was denied by written order on February 26, 2018. The trial court's docket sheet, contained in the clerk's record, reflects that a pre-trial hearing was held on February 26, 2018.

Appellant later filed a "Motion Requesting Reconsideration of the Defense Motion to Set Aside Complaint and Information." In that motion, appellant avers as follows:

> Defendant sought to offer a rebuttal to the State's introduction of the information, but the Court in no uncertain terms denied Defendant opportunity. However, Texas Rule of Evidence, if applicable to hearings prior to trial, then Defendant should have been given opportunity to raise defects in the information presented in open court.

The clerk's record also contains a document entitled "Second Notice to the Court" in which appellant states "on February 26, 2018, Defendant appeared in Court at Frank Crowley Courts building at 9:00 a.m. for pre-trial hearing. During this hearing the Court did not consider Defendant's Motion to Set Aside Arrest Warrant and Complaint filed on February 20, 2018."

Because there is no reporter's record, this Court cannot rely on appellant's self-serving claims; there is nothing in the record before this Court other than appellant's claims suggesting

that he was not present for a hearing on that motion. But even if that particular motion was not addressed at the February 26, 2018 hearing, it is clear from appellant's motion for reconsideration that he was, in fact, present when the trial court considered his motion to set aside on March 19, 2018. Without a reporter's record, this Court is not able to discern the veracity of his claim of what transpired at the March 19, 2018 hearing.

We overrule appellant's third issue.

### Issue 4: Sufficiency of Evidence

In his fourth issue, appellant claims that the evidence is insufficient to support his conviction. Specifically, he alleges the blood draw was not timely completed, he is the wrong defendant, the chain of custody was not established for the blood sample, and documents were forged between his administrative law hearing and his criminal trial. The State responds that appellant has waived this issue for review because he did not file a reporter's record. We agree with the State.

In a criminal case, if an appellant complains that the evidence is insufficient to support a finding of guilt, the record must include all the evidence admitted at the trial on the issue of guilt/innocence and punishment." TEX. R. APP. P. 34.6(c)(5); *see O'Neal v. State*, 826 S.W.2d 172, 173 (Tex. Crim. App. 1992) (holding that a defendant who wishes to raise a sufficiency issue on appeal has the burden of ensuring that the entire record of the trial before the fact finder is before the appellate court).

Because we do not have a reporter's record from appellant's trial, none of the evidence introduced at trial is before us in this appeal. While this court bears the responsibility of reviewing the entire record in a light most favorable to the prosecution in ruling on the sufficiency of the

–15–

evidence to support a criminal conviction,[5] this Court has no obligation to review a nonexistent record. *See McDougal v. State*, 105 S.W.3d 119, 121 (Tex. App.—Fort Worth 2003, pet. ref'd). Further, without a reporter's record of the evidence before the jury, appellant cannot demonstrate that the evidence is insufficient. *See Skinner v. State*, 837 S.W.2d 633, 634 (Tex. Crim. App. 1992) (holding that an appellate court cannot determine the merits of a challenge to the sufficiency of the evidence without a review of the entire record of the trial before the fact finder); *Martin v. State*, 13 S.W.3d 133, 140 (Tex. App.—Dallas 2000, no pet.) (holding that without a complete reporter's record of the evidence before the jury, appellant cannot demonstrate the evidence is insufficient).

We overrule appellant's fourth issue.

### Issue 5: Motion to Suppress

Appellant claims that the trial court abused its discretion by denying several of his motions to suppress evidence, particularly his motion to suppress the blood test. The State responds that appellant has forfeited these claims because they cannot be evaluated in the absence of a reporter's record. We agree with the State.

The clerk's record establishes that appellant filed several pre-trial motions to suppress: 1) a general Motion to Suppress Evidence 2) a Motion to Suppress Blood Test, 3) a Motion to Suppress Evidence & Request for Franks Hearing, and 4) a Motion to Suppress Evidence Due to Destruction of Evidence. The docket sheet gives some indications that a motion to suppress hearing may have been held prior to trial. No orders on any of these motions appear in the clerk's record.

No reporter's record has been filed from any hearing on any of appellant's motions to suppress. Without the reporter's record we may not review the merits of appellant's claims that

---

[5] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

the trial court failed to suppress the evidence. *See Amador v. State*, 221 S.W.3d 666, 675 (Tex. Crim. App. 2007) (observing that although it is the State's burden to establish the existence of reasonable suspicion and probable cause, it is "appellant's burden to bring forward a record on appeal sufficient to show that the trial court erred in [its] ruling on the motion to suppress"); *Guajardo v. State*, 109 S.W.3d 456, 462 & n.17 (Tex. Crim. App. 2003) (noting that it is "the appealing party's burden to ensure that the record on appeal is sufficient to resolve the issue he presents"); *see also Mitchell v. State*, No. 06-11-00015-CR, 2011 WL 5843043, at *1 (Tex. App.—Texarkana Nov. 22, 2011, no pet.) (mem. op., not designated for publication) (holding that without a record of the suppression hearing the court could not review the merits claims that the trial court failed to suppress evidence); *Sarringar v. State*, Nos. 02-02-00288-CR & 02-02-00289-CR, 2003 WL 21404819, at *2, (Tex. App.—Fort Worth June 19, 2003, pet. ref'd) (mem. op., not designated for publication) (holding that because there was no record of the hearing on the motion to suppress, there was nothing for the appellate court to review; the court was prevented from determining whether the trial court abused its discretion); *Watson v. State*, 05-98-00125-CR, 1999 WL 185032, at *1 (Tex. App.—Dallas Apr. 6, 1999, no pet.) (mem. op. not designated for publication) (noting that without a reporter's record, an appellate court is unable to determine what evidence was presented during a suppression hearing).

Without a reporter's record of the suppression hearing, if any, we have no way of confirming appellant's assertions in his brief to this Court. Accordingly, the record before us is inadequate to permit review of appellant's complaints.

We overrule appellant's fifth issue.

## Conclusion

We affirm the judgment of the trial court.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

DO NOT PUBLISH
Tᴇx. R. Aᴘᴘ. P. 47.2(b)

180498F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BRADRICK JERMAINE COLLINS,
Appellant

No. 05-18-00498-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Criminal Court
No. 5, Dallas County, Texas
Trial Court Cause No. MA1718552-F.
Opinion delivered by Justice Osborne.
Justices Schenck and Reichek participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 27th day of June, 2019.