**Reversed and Remanded and Majority and Concurring Memorandum Opinions filed August 30, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-21-00007-CR

## THE STATE OF TEXAS, Appellant

## V.

## VIDAL PAZ JUNIOR, Appellee

**On Appeal from the County Criminal Court at Law, Number 12
Harris County, Texas
Trial Court Cause No. 2263131**

### MEMORANDUM OPINION

Appellee Vidal Paz Junior was charged by information with the offense of criminal mischief. *See* Tex. Penal Code Ann. § 28.03(a). The trial court granted appellee's motion to quash and set aside the information. In a single issue, appellant the State of Texas argues that the trial court erred in granting appellee's motion to quash. We reverse and remand.

# I.  BACKGROUND

On June 6, 2019, appellee was charged by information with the offense of criminal mischief for allegedly damaging a car window by throwing an object at it. *See id.* A complaint was drafted and transmitted to the District Attorney's office.

On September 25, 2019, appellee filed a motion to quash and set aside the information in his case. On September 29, 2019, a three-day hearing began to consider appellee's motion. Appellee subpoenaed three individuals for the hearing: Michelle McCardell, James Leitner, and Damon Drey.

McCardell works for the Harris County District Attorney Division as an administrative assistant at police intake. She testified that she served as the affiant in appellee's case after reviewing the information as presented to the District Attorney's office through the "DIMS summary." McCardell explained that a DIMS summary is "a narrative of the things that are—that a police officer or—that would write, type into the JIMS management system." According to McCardell, when she signed as the affiant, she swore before an assistant district attorney that everything she read and signed was true to the best of her ability. Furthermore, McCardell testified that the officers testified, under perjury of law, that everything in the DIMS summary was true.

Leitner testified that he is an assistant district attorney and the bureau chief of intake for the grand jury for the Harris County District Attorney's Office. He verified that he swore in McCardell as the affiant in appellee's case. He testified regarding the oaths administrative assistants take when they act as affiants. According to Leitner, the assistants are sometimes given truncated versions of the oath, but they understand the perjury implications of violating the oath when acting as an affiant. Leitner asserted that most complaints did not address probable cause unless the State was seeking an arrest warrant.

2

Officer Drey was the police officer with the Houston Police Department who prepared the DIMS summary to report appellee's alleged offense to the District Attorney's office. He testified that he could only change a submitted probable cause summary if given access by the District Attorney's Office.

After testimony from the three witnesses, appellee continued to assert that article 2.04 of the Texas Code of Criminal Procedure "requires that the affiant on a complaint be the complainant." *See* Tex. Code Crim. Proc. art. 2.04. According to appellee, Officer Drey was the complainant because he made the original complaint to the District Attorney's office; additionally, appellee claimed that McCardell had even testified that she was not the complainant in this case.

On December 4, 2020, the final day of the hearing, the trial court announced that it would be grant appellee's motion to quash for two reasons: (1) McCardell could not serve as the affiant because she did not possess first-hand knowledge of appellee's offense; and (2) the complaint was invalid because it did not include a probable-cause summary. On the same day, the trial court issued a written order granting appellee's motion. The District Clerk notified the Harris County Sheriff that the complaint against appellee had been dismissed. The State filed a timely appeal.

## II.    MOTION TO QUASH

In a single issue, the State argues that the trial court erred by granting appellee's motion to quash.

### A.    STANDARD OF REVIEW

In reviewing the dismissal of an indictment, the appellate court must review the trial court's ruling under a bifurcated standard. *State v. Krizan-Wilson*, 354 S.W.3d 808, 815 (Tex. Crim. App. 2011). The court of appeals must give almost

3

total deference to a trial court's findings of facts that are supported by the record, as well as mixed questions of law and fact that rely upon the credibility of a witness. *See id.* However, the court of appeals applies a de novo standard of review to pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *See id.*; *State v. Hatter*, 634 S.W.3d 456, 461 (Tex. App.—Houston [14th Dist.] 2021, pet. granted).

We will uphold the trial court's ruling if it was correct on any legal theory applicable to the case. *See Najar v. State*, 618 S.W.3d 366, 373 (Tex. Crim. App. 2021) ("[A]ppellate courts may *uphold* a trial court's ruling on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised.").

## B.   APPLICABLE LAW

To begin a misdemeanor prosecution, the State presents either an indictment or an information as a charging instrument. *See* Tex. Code Crim. Proc. Ann. art. 12.02; *State v. Drummond*, 501 S.W.3d 78, 81 (Tex. Crim. App. 2016); *see also* Tex. Code Crim. Proc. Ann. art. 21.20 ("An 'information' is a written statement filed and presented [o]n behalf of the State by the district or county attorney, charging the defendant with an offense which may by law be so prosecuted."). When an information is used, an underlying complaint is also required. *See* Tex. Code Crim. Proc. Ann. art. 21.22; *Drummond*, 501 S.W.3d at 81.

"In the Code of Criminal Procedure, the term 'complaint' is used in three different contexts," including "as a prerequisite to an information." *Drummond*, 501 S.W.3d at 81; *see* Tex. Code Crim. Proc. Ann. art. 21.22; *see also Huynh v. State*, 901 S.W.2d 480, 481 n.3 (Tex. Crim. App. 1995). A complaint to support an information is a sworn affidavit, duly attested to by the district or county attorney,

4

that is made "by some credible person charging the defendant with an offense." *Drummond*, 501 S.W.3d at 81 (internal quotations omitted); *Marshall*, 570 S.W.3d at 318 n.1 (internal quotations omitted); *see* Tex. Code Crim. Proc. Ann. art. 21.22. The purpose of the complaint is to inform the defendant of the facts surrounding the charged offense to permit him to prepare a defense to the charge. *See Marshall*, 570 S.W.3d at 318.

The complaint's affiant must be a "credible person." Tex. Code Crim. Proc. Ann. art. 21.22; *see also Wells v. State*, 516 S.W.2d 663, 664 (Tex. Crim. App. 1974); *State v. Yakushkin*, 625 S.W.3d 552, 561 (Tex. App.—Houston [14th Dist.] 2021, pet. ref'd). A "credible person" is any person that is competent to testify as a witness. *See Ealy v. State*, 319 S.W.2d 710, 711 (Tex. Crim. App. 1958); *Yakushkin*, 625 S.W.3d at 561. The affiant cannot be an attorney who is part of the prosecution team. *See Wells*, 516 S.W.2d at 664; *Yakushkin*, 625 S.W.3d at 561. This limitation precludes a single individual from being both the accuser and the prosecutor. *Wells*, 516 S.W.2d at 664. However, an administrative assistant or an investigator with the district attorney's office is a credible person that may serve as an affiant for a complaint. *See Catchings v. State*, 285 S.W.2d 233, 234 (Tex. Crim. App. 1955); *State v. Santillana*, 612 S.W.3d 582, 588 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd) ("A complaint filed by a secretary for the Harris County District Attorney has been held to be a complaint by a 'credible person,' even though she did not have first-hand knowledge and based her affirmation on information from a police report and an instrument signed by a police officer.").

Further, the complaint's affiant does not have to be the person who originally complained about the alleged offense to the district attorney. *See Yakushkin*, 625 S.W.3d at 561–62 (concluding that Texas Code of Criminal Procedure article 21.22 does not require that affiant, who signs the affidavit upon

which information is based, "be the person who first notified the district or county attorney of the offense"); *Santillana*, 612 S.W.3d at 587–88; *Rose*, 799 S.W.2d at 384. Nor does the affiant need to have personal or first-hand knowledge of the facts alleged in the complaint. *See Yakushkin*, 625 S.W.3d at 561–62 ("[C]ourts have long held that th[e] affiant can be . . . someone without personal knowledge of the facts supporting the offense."). Additionally, it is not necessary for a court "to inquire into the nature of the knowledge upon which an affiant bases his factual statements" in the complaint. *Wells*, 516 S.W.2d at 664.

## C.    APPLICATION

According to the State, the trial court erred in granting the motion to quash because, under Texas law, (1) the affiant does not need to have first-hand knowledge of an offense and (2) a complaint does not need to include sufficient facts to establish probable cause. Thus, the State addresses both of the reasons the trial court orally gave for granting the motion to quash.

To the trial court, appellee argued that the complaint was deficient because it lacked sufficient facts to establish probable cause. However, on appeal, appellee concedes—and we have previously concluded—that a complaint does not need to include sufficient facts to establish probable cause. *See Yakushkin*, 625 S.W.3d at 559. However, appellee argues that the affiant must: (1) be the person who made the complaint before the prosecutor; (2) swear to the truth of the statements in the complaint; and (3) sign and swear to the written complaint before the assistant district attorney who first received the complaint. It would appear appellee raised the second point to the trial court but raises the first and third points for the first time on appeal. Appellee argues that the complaint was deficient because none of the three conditions were met.

6

**1.    The affiant does not need first-hand knowledge and does not need to be the person who made the complaint to the prosecutor.**

According to appellee, Officer Drey was the complainant in this case because he first made the complaint concerning appellee's offense to the District Attorney's Office. Furthermore, appellee asserts that Article 2.04 of the Texas Code of Criminal Procedure requires that the complainant must be the affiant who signs and swears to the complaint. *See* Tex. Code Crim. Proc. Ann. art. 2.04 ("Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested by said attorney.").

However, as discussed above, our court has previously addressed this argument and concluded that affiant need not be the complainant:

> [A]ppellees are contending that the "affidavit" required to be attached to the information under article 21.22 must be sworn to by the person who "made the original complaint to the district attorney," which according to appellees, usually is a "law enforcement officer."
>
> . . . .
>
> Article 2.04 says that a district or county attorney is obligated to reduce to writing any complaint alleging an offense and to have the "complainant" sign the document. Article 21.22, however, does not require that the "affiant" who signs the affidavit upon which an information is based must be the person who first notified the district or county attorney of the offense. Nor does article 21.22 state that the affidavit filed with the information must be the "complaint" referenced in article 2.04. Under article 21.22, the "affidavit" supporting an information must be signed by a "credible person," and courts have long held that this affiant can be a police officer, or someone else, including someone without personal knowledge of the facts supporting the offense.
>
> . . . .

Accordingly, we hold that article 21.22 imposes no requirement that the person signing the affidavit referenced in that article be the person who first reported the alleged offense to the district attorney. The affidavits accompanying the informations in the present cases do not violate article 2.04 for the reason appellees assert.

*Yakushkin*, 625 S.W.3d 562 (internal citations omitted). Thus, contrary to appellee's assertions, the affiant need not be the complainant, and the affiant need not possess first-hand knowledge of the allegations in the complaint. *See id.*

### 2. The affiant properly swore to the statements in the complaint.

Next, appellee argues that McCardell did not swear an oath indicating that she had good reason to believe that appellee committed the alleged offense. McCardell testified that Leitner administers the following oath to affiants:

Do you swear that you have read the contents of the DIMS and the pleadings accurately reflect the allegations contained in the summary paragraph of the DIMS of each such charge you have prepared and is now before you; is that correct?

Leitner confirmed that the affiants swear to this oath before him. Accordingly, appellee argues that McCardell did not specifically affirm under oath that she had reason to believe that appellee had committed the alleged offense.

It is true that a complaint "must show that the accused has committed some offense against the laws of the State, either directly or that the affiant has good reason to believe, and does believe, that the accused has committed such offense." *See* Tex. Code Crim. Proc. Ann. art. 15.05. The complaint in the current case stated, "the undersigned affiant, who under oath says that he [sic] has good reason to believe and does believe that . . . [appellee] did then and there unlawfully, intentionally, and knowingly damage tangible property." Additionally, McCardell also testified that when she takes the oath, "That I swear to everything that I've read and that I have signed everything as true to the best of my ability." According

8

to McCardell, violating the oath has perjury implications. Leitner confirmed that "all typists in Intake Division know and understand that violating that oath has perjury implications." She further testified that "[she] would never sign a complaint when [she] did not have good reason to believe the defendant committed the offense that's outlined in the complaint."

We further note that appellee has not cited any caselaw to support the argument that the affiant did not properly swear to the statements in the complaint. The record makes it clear that McCardell, as the affiant, swore that she had read the underlying facts and had reason to believe that appellee had committed the alleged offense. We conclude that the record does not support appellee's contention that McCardell did not swear to the statements in the complaint.

### 3. The complaint was sworn to before the proper individual.

Appellee further argues that the complaint was deficient because it was not sworn to before the attorney who first fielded the complaint.

Article 2.04 states, in its entirety:

> Upon complaint being made before a district or county attorney that an offense has been committed in his district or county, he shall reduce the complaint to writing and cause the same to be signed and sworn to by the complainant, and it shall be duly attested *by said attorney*.

Tex. Code Crim. Proc. Ann. art. 2.04 (emphasis added). Officer Drey prepared the DIMS report after calling the District Attorney's Office and confirming that the charge would be accepted for prosecution. The attorney who answered Officer Drey's call was Tiffany Alfred. Thus, to comply with Article 2.04, appellee asserts that Drey needed to swear to the complaint before Alfred. We concluded above that Drey did not need to be the one to swear to the complaint, but now address appellee's argument concerning whether Alfred needed to be the person before

whom the affiant swore to the complaint.

The Texas Code of Criminal Procedure uses the term "complaint" in different contexts. *See id.* art. 21.22; *Drummond*, 501 S.W.3d at 81. Additionally, it is worth noting that Article 2 is titled "General Duties of Officers." Tex. Code Crim. Proc. Ann. art. 2. In contrast, Article 21.22, titled "Information based upon complaint," specifically addresses complaints that serve as prerequisites to an information:

> No information shall be presented until affidavit has been made by some credible person charging the defendant with an offense. The affidavit shall be filed with the information. It may be sworn to before the district or county attorney who, for that purpose, shall have power to administer the oath, *or it may be made before any officer authorized by law to administer oaths.*

Tex. Code Crim. Proc. Ann. art. 21.22 (emphasis added). Leitner, as an assistant district attorney, was an individual authorized by law to administer oaths. *See id.* art. 2.06 (noting that for purposes of making complaints to accompany informations, "district . . . attorneys are authorized to administer oaths"). Accordingly, we conclude that the State complied with Texas Code of Criminal Procedure article 21.22 and that McCardell did not need to swear to the complaint before Alfred.

### 4.    Summary

In summary, appellee concedes that the complaint did not need to include sufficient facts to establish probable cause. And we agree with the State that the affiant does not need first-hand knowledge of the facts alleged in the complaint. We further conclude that the affiant need not be the individual who first made the complaint, that the affiant in this case properly swore that she had reason to believe that appellee committed the alleged offense, and that the complaint was sworn to

10

before an individual authorized to administer oaths pursuant to Article 21.22. Therefore, the trial court's granting of the motion to quash was not supported by any correct legal theory that was raised or on any theory or basis that might have been applicable to the case, but was not raised. *See Najar*, 618 S.W.3d at 373. Accordingly, we conclude that the trial court erred in granting appellee's motion to quash. We sustain the State's sole issue.

### III. CONCLUSION

We reverse the trial court's order granting appellee's motion to quash and remand the case for further proceedings.

/s/  Margaret "Meg" Poissant
    Justice

Panel consists of Chief Justice Christopher and Justices Hassan and Poissant. Justice Hassan concurring.
Do Not Publish — Tex. R. App. P. 47.2(b).

11