

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00132-CR

THE STATE OF TEXAS, APPELLANT

V.

ISRAEL NAVARETTE, APPELLEE

On Appeal from the County Court at Law No. 1
Lubbock County, Texas
Trial Court No. CC-2023-CR-0368, Honorable Mark Hocker, Presiding

September 20, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

The State of Texas appeals the trial court's order granting the motion of Israel Navarette to quash a subsequent information. Through it, the State charged him with driving while intoxicated. This information followed an earlier one dated April 22, 2020, and accusing him of the same offense. Yet, the April 2020 instrument was dismissed by the State due to it being accompanied by an unsworn complaint. That resulted in the subsequent one at issue here, to which the State attached a sworn complaint. It was filed on February 21, 2023. But, because the underlying offense allegedly occurred on

February 1, 2020, Navarette deemed the instrument tardy; that is, limitations had expired. So, he moved to quash the new information. The trial court agreed and quashed the instrument. This appeal ensued. Through it, the State argues the trial court erred because the original information tolled limitations despite the defective complaint. We reverse.

### Discussion

In computing limitations, the time during the "pendency of an indictment, information, or complaint" is excluded from the calculation. TEX. CODE CRIM. PROC. ANN. art. 12.05(b); *State v. Drummond*, 501 S.W.3d 78, 83 (Tex. Crim. App. 2016). "[D]uring the pendency" means the period of time "beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such an accusation is . . . determined to be invalid for any reason." TEX. CODE CRIM. PROC. ANN. art. 12.05(c); *Drummond*, 501 S.W.3d at 83. A "court of competent jurisdiction" is one with jurisdiction of the offense. *Cook v. State*, 902 S.W.2d 471, 482 n.3 (Tex. Crim. App. 1995) (en banc), *overruled on other grounds by Jenkins v. State*, 592 S.W.3d 894 (Tex. Crim. App. 2018). And, "[t]he presentment of an indictment or information to a court invests the court with jurisdiction of the cause." TEX. CONST. art. V, § 12(b); *Ex parte Ulloa*, 514 S.W.3d 756, 760 (Tex. Crim. App. 2017) (stating that "Article V, § 12 confers jurisdiction over a person upon the filing of an indictment or information").

Regarding an information, it "cannot be presented . . . unless it is filed with a complaint." *Drummond*, 501 S.W.3d at 81; *see* TEX. CODE CRIM. PROC. ANN. art. 21.22. (stating that "[n]o information shall be presented until affidavit has been made by some credible person charging the defendant with an offense"). Such a complaint "is a sworn

2

affidavit, duly attested to by the district or county attorney, that is made 'by some credible person charging the defendant with an offense.'" *Id.* (quoting Tex. Code Crim. Proc. Ann. art. 21.22).

Here, the record illustrates that a complaint actually accompanied the first (April 2020) information. Yet, all concede that it was "unsworn," and the dispute at bar concerns the effect of that unsworn complaint on tolling limitations. Does the absence of a proper attestation or affiant somehow void or nullify the effect or presentation of an information when calculating whether limitations was tolled? We answer, "No."

No doubt, the complaint at issue was defective for being unsworn. Yet, as noted years ago in *Aguilar v. State*, 846 S.W.2d 318 (Tex. Crim. App. 1993) (en banc), "under the explicit terms of the constitution itself, the mere presentment of an information to a trial court invests that court with jurisdiction over the person of the defendant, regardless *of any defect* that might exist in the underlying complaint." *Id.* at 320 (emphasis added). This pronouncement led our sister court in *Carlson v. State*, No. B14-92-00173-CR, 1994 Tex. App. LEXIS 430 (Tex. App.—Houston [14th Dist.] Mar. 3, 1994, no pet) (mem. op.), to reject the proposition that an unsworn complaint deprived the Harris County court at law of jurisdiction. *Id.* at *4 (wherein the complaint upon which the assault charge was based was unsworn). As it said, "a defective complaint is no longer 'jurisdictional' in the traditional sense." *Id.* So, an unsworn complainant accompanying an information does not deprive the county court at law of being a court of competent jurisdiction.

Following this reasoning leads us to conclude that filing the April 2020 information with the defective complaint sufficed to invest the Lubbock County Court at Law Number 1 with jurisdiction over the cause. That began the period contemplated within article

3

12.05(c) of the Code of Criminal Procedure. Because the period ended with the dismissal on February 21, 2023, the intervening 34 months must be excluded when calculating limitations. So excluding the period means that limitations had not expired when the second information and complaint were also filed on February 21, 2023. That is, less than two years had lapsed between appellant allegedly committing the misdemeanor and the State refiling its information and complaint charging him with the crime. *See* TEX. CODE CRIM. PROC. ANN. art. 12.02(a) (stating that "[a]n indictment or information for any Class A or Class B misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward"); *Rodriguez v. State*, No. 08-02-00342-CR, 2003 Tex. App. LEXIS 6585, at *14 (Tex. App.—El Paso July 31, 2003, no pet.) (mem. op., not designated for publication) (involving the utter absence of an accompanying complaint and holding that "even a defective charging instrument will, according to the terms of Article 12.05, serve to toll the statute of limitations until a court with jurisdiction enters an order invalidating that charging instrument").

Accordingly, we sustain the State's issue, reverse the order quashing the February 21, 2023 information, and remand the cause.


Brian Quinn
Chief Justice


Do not publish.


4